(75 South. 83)

No. 22393.

LONG v. LONG.

In re LONG.

(April 16, 1917.)

*(Syllabus by the Court.)*

Courts ⬿204 — Supervisory Jurisdiction of Supreme Court—Reversing Judgment of District Court.

The Supreme Court will not exercise its supervisory jurisdiction to reverse a judgment rendered by the district court in a case of which that court had final jurisdiction and in which there was no irregularity in the proceedings nor abuse of the discretion vested in the district judge.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 499, 504, 619, 758½, 791.]

Proceeding by Frank A. Long for writ of certiorari to review the record of a certain eviction suit between himself and Mrs. Axie Long, decided by the judge of the district court on appeal from the First ward justice court, on which he obtained a rule on the district court judge to show cause why judgment rendered by him should not be reversed and judgment rendered by justice of the peace should not be reinstated. Relief prayed for denied, and proceeding dismissed.

S. R. Thomas, of Coushatta, for relator.

O'NIELL, J. The relator has brought up, by a writ of certiorari, the record of a certain suit decided by the judge of the Eleventh judicial district court, for the parish of Red River, on appeal to that court from the First ward justice court of that parish; and he has obtained a rule on the judge of the district court to show cause why the judgment rendered by him should not be reversed and the judgment rendered by the justice of the peace should not be reinstated. The relator has not asked that the defendant in the case be made a party to these proceedings; he has not given her notice of his intention to apply to this court for relief, nor prayed that any writ or order be directed to her; and she has not made an appearance in the proceedings in this court.

The petition to this court recites that the relator brought an eviction suit against the defendant, under the provisions of Act No. 313 of 1908, alleging that she was in possession as tenant or lessee of certain property which the relator alleged he had purchased from the defendant's lessor. He alleges that the justice of the peace rendered a judgment ordering the defendant evicted; that she appealed to the district court, and the judgment was there reversed and the plaintiff's suit

dismissed, on the ground that the defendant was in possession, not as lessee or tenant, but as owner of the property. The prayer of the petition to this court is merely that a writ of certiorari be directed to the judge of the district court, ordering him to send up to this court a certified copy of all of the proceedings had in the case tried before him; that a rule be directed to the district judge, ordering him to show cause why the judgment rendered by him should not be reversed and set aside and the judgment rendered by the justice of the peace reinstated; and that, after due delays and final hearing in this court, there be judgment in favor of the relator and against the defendant Mrs. Axie Long, reinstating the judgment rendered by the justice of the peace and condemning the defendant to deliver to the relator the leased premises.

In answer to the rule, the respondent judge shows that the case was tried on appeal in the district court, as it should have been, de novo. The case being one in which the judgment of the district court would be final, not subject to appeal, the testimony heard in the district court was not reduced to writing. The respondent judge declares, however, that the evidence convinced him that the defendant in the case was not a tenant or lessee of the plaintiff's vendor, but occupied the property as owner; and that she was entitled to the benefit of her possession as owner, to require the plaintiff to assert his claim of ownership in a petitory action. Having come to that conclusion of fact, the district judge was correct in dismissing the plaintiff's summary proceeding and allowing him to resort to a petitory action. Even if we had all of the evidence before us, and disagreed with the district judge's finding of fact, we would not be warranted in reversing his judgment in a proceeding like this. His jurisdiction in the matter was final, so long as he observed the forms prescribed by law and recognized the fundamental rights of the litigants.

The relief prayed for is denied, and this proceeding is dismissed, at the cost of the relator.